NO. 13-12389-E

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT
_____

**STANLEY L. CRAWFORD,**
**PLAINTIFF-APPELLANT,**
v.
**LVNV FUNDING, LLC, et al,**
**DEFENDANTS-APPELLEES.**


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**Case No. 2:12-cv-00701-WKW**
**The Honorable William K. Watkins**
**United States District Court Judge**


_____

## BRIEF OF PLAINTIFF-APPELLANT
_____

**Nick Wooten**
**NICK WOOTEN, LLC**
**Attorney at Law**
**Post Office Box 3389**
**Auburn, Alabama 36831**
**Telephone: (334) 887-3000**
**Telefax: (334) 821-7720**

**Attorney for Appellant Stanley Crawford**

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Appellant, in accordance with Federal Rule of Appellate Procedure 26.1 hereby certifies that, to his knowledge, the following persons have an interest in the outcome of this appeal:

**Honorable Dwight Williams,** United States Bankruptcy Judge, Trial Judge

**Honorable W. Keith Watkins,** United States District Court Judge for the Middle District of Alabama

**Stanley L. Crawford,** Plaintiff-Appellant

**Nicholas H. Wooten,** Attorney for Plaintiff-Appellant in Adversary Proceeding

**Neal D. Moore,** Attorney for all defendants

**LVNV Funding, LLC**, Defendant-Appellee represented by Neal D. Moore

**Resurgent Capital Services, L.P.,** Defendant-Appellee represented by Neal D. Moore

**PRA Receivables Management, LLC**, Defendant-Appellee represented by Neal D. Moore

**Curtis C. Reding,** Chapter 13 Trustee

i

## **STATEMENT REGARDING ORAL ARGUMENT**

Stanley Crawford believes that oral argument may assist the Court in understanding the issues presented and resolving the questions before the Court.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ..................................................... i

**STATEMENT REGARDING ORAL ARGUMENT** .......................................... ii

**TABLE OF CONTENTS** ................................................................... iii

**TABLE OF CITATIONS** ..................................................................... vi

**STATEMENT OF JURISDICTION** ....................................................1

**STATEMENT OF ISSUES PRESENTED ON APPEAL** ....................................1

DID THE BANKRUPTCY COURT ERR IN HOLDING AS A MATTER OF LAW THAT DEBT COLLECTORS DO NOT VIOLATE THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) WHEN THEY ACT TO COLLECT ON A TIME-BARRED CLAIM IN BANKRUPTCY? .........................................................1

**STANDARD OF REVIEW** ...................................................................1

**STATEMENT OF THE CASE** ..............................................................2

**STATEMENT OF THE FACTS** ...........................................................3

**SUMMARY OF THE ARGUMENT** ....................................................4

**STATUTORY FRAMEWORK** ............................................................5

I.  THE CLAIMS PROCESS IN BANKRUPTCY ....................................................5

II.  THE FAIR DEBT COLLECTION PRACTICES ACT ........................................7

ARGUMENT ...........................................................................................................8

I.  THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE
    FDCPA DOES NOT PROHIBIT A DEBT COLLECTOR FROM
    FILING A PROOF OF CLAIM BASED ON A STALE, TIME-
    BARRED CLAIM ..........................................................................................8

    A. FILING A PROOF OF CLAIM IS A METHOD OF COLLECTING A DEBT
       ANALOGOUS TO FILING A CIVIL ACTION AGAINST THE DEBTOR ..............8

    B. DEBT COLLECTORS VIOLATE THE FDCPA WHEN THEY FILE A CIVIL
       ACTION AGAINST A DEBTOR BASED ON A TIME-BARRED DEBT...............10

    C. SIMILARLY FILING A PROOF OF CLAIM ON A TIME-BARRED DEBT IS ALSO
       PROHIBITED BY THE FDCPA ..............................................................13

II. THE BANKRUPTCY COURT CLAIMS PROCESS DOES NOT
    SUPPLANT THE FDCPA .........................................................................16

    A. RANDOLPH HOLDS THAT BANKRUPTCY REMEDIES AND FDCPA
       REMEDIES CAN CO-EXIST ..................................................................18

iv

B. *RANDOLPH* APPLIES EQUALLY IN THE CONTEXT OF CHALLENGING TIME-BARRED PROOFS OF CLAIMS ...................................................................21

C. *WALLS*, AND ITS PROGENY HOLD THAT THE BANKRUPTCY CODE PROVIDES THE SOLE REMEDY TO DEBTORS WHEN DEBT COLLECTORS ENGAGE IN COLLECTION ACTIVITY THAT VIOLATES THE FDCPA, BUT ALSO RELATES TO THE BANKRUPTCY CASE ...........................................22

**CONCLUSION**........................................................................................24

**CERTIFICATE OF COMPLIANCE** ...................................................25

**CERTIFICATE OF SERVICE** ............................................................25

# TABLE OF CITATIONS

## Cases

*Allen v. City Finance Co*., 224 B.R. 347, 352 (S.D. Miss. 1998)..............................9

*Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13 (1st Cir. 2002)................................18

*Bacelli v. MFP, Inc.*, 2010 WL 2985699 (M.D. Fla. Jul. 28, 2010).......................20

*Bagwell v. Portfolio Recovery Associates, L.L.C.*, 2009 WL 1708227

   (E.D. Ark. June 5, 2009)......................................................................................20

*Beattie v. D.M. Collections, Inc*., 754 F. Supp. 383, 393 (D. Del. 1991)...............11

*Bessette v. Avco Fin. Servs., Inc.* 230 F.3d 439 (1st Cir. 2000) .............................18

*Bianchi v. The Bureaus, Inc.*, 2008 WL 597587 (N.D. Ill. Feb. 27, 2008) ............21

*Burlingham v. Crouse*, 228 U.S. 459, 474, 33 S.Ct. 564 (1913) ..............................5

*Castro v. Collectivo, Inc*., 634 F.3d 779 (5th Cir. 2011) ........................................12

*Clark v. Brumbaugh and Quandahl, P.C., L.L.O.*, 2010 WL 3190587

   (D. Neb. Aug. 12, 2010) .......................................................................................20

*Edwards v. Niagara Credit Solutions, Inc*., 584 F.3d 1350, 1352

   (11th Cir. 2009) .....................................................................................................7

*Ex parte Liberty Nat'l Life, Ins. Co*., 825 So. 2d 758, 765 (Ala. 2002) .................11

*Farris v. Chrysler Credit Corp., (In re Farris),* 764 F. 2d 1475, 1477

   (11th Cir. 1985) .....................................................................................................2

*Fort v. SunTrust Bank (In re Int'l Payment Group, Inc.)*, 2011 WL 5330783 (Bankr. D.S.C. Nov. 3, 2011) ...............................................................................10

*Freyermuth v. Credit Bureau Servs., Inc*., 248 F.3d 767, 771 (8th Cir. 2001)........12

*Gardner v. State of N.J.*, 329 U.S. 565, 573 (1947) ........................................... 9, 13

*Gibson v. Parish*, 360 Fed. Appx. 974, 978-979 (10th Cir. Okla. 2010) .................9

*Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 813-814 (N.D. Ill. 1999)...............23

*In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008) ...................................15

*In re Contreras*, 2007 WL 273128 (Bankr. S.D. Tex. Jan. 26, 2007) ....................21

*In re El Toro Materials Co, Inc*., 504 F.3d 978, 979 (9th Cir. 2007)......................15

*In re Gunter*, 334 B.R. 900 (Bankr. S.D. Ohio 2005) .............................................21

*In re Kenny*, 75 Bankr. 515, 520 (Bankr. E.D. Mich. 1987) ...................................9

*In re Northlake Foods, Inc*., 715 F.3d 1251, 1255 (11th Cir. 2013) ........................1

*In re Sanchez*, 372 B.R. 289, 296-98 (Bankr. S.D. Tex. 2007) ................................5

*In re Simmons*, 765 F.2d 547, 552 (5th Cir. Miss. 1985) .....................................4, 9

*In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008)........................... 3, 17

*Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985)*........................8

*Kimber v. Fed. Fin. Corp*,. 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)...... 4, 11, 14

*Kline v. Mortgage Elec. Sys.*, 2009 WL 3064660 (S.D. Ohio Sept. 21, 2009) .......20

*Kline v. Zueblin (In re American Export Group Int'l Servs.)*, 167 B.R. 311, 313

   (Bankr. D.D.C. 1994) ....................................................................................4, 9

*Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012) .................................1

*Larsen v. JBC Legal Group, P.C.*, 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008) .....11

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) .............7

*Matter of Robintech, Inc.,* 863, F.2d 393, 398 (5th Cir. 1989)................................15

*McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.,* 637 F.3d 939, 952

   (9th Cir. 2011) ...................................................................................................11

*Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir. 1962) .....................9

*O'Neill v. Continental Airlines (In re Continental Airlines)*, 928 F.2d 127, 129

   (5th Cir. 1991) .....................................................................................................9

*Pingis v. Regions Bank*, 942 So. 2d 841 (Ala. 2006)...............................................11

*Randolph v. IMBS, Inc*., 368 F.3d 726 (7th Cir. 2004)............. 17, 18, 19, 20, 21, 23

*Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493 (7th Cir. 2007)...............20

*Simmons v. Roundup*, 622 F.3d 93 (2d Cir. 2010).......................................... 17, 23

*Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995)...................................................9

*Vick v. NCO Financial Sys. Inc.*, 2010 WL 1330637 (E.D. Tex. Mar. 15, 2010)...20

*Walls v. Wells Fargo Bank, N.A*., 276 F.3d 502, 510

   (9th Cir. 2002) ............................................................................. 17, 20, 22, 23

## Rules

Rule 3001(f) Federal Rules of Bankruptcy Procedure ................................................6

Rule 3006 Federal Rules of Bankruptcy Procedure ................................................10

Rule 3007(b) Federal Rules of Bankruptcy Procedure................................... 2, 4, 21

Rule 12(c) Federal Rules of Civil Procedure.............................................................1

Rule 41(a) Federal Rules of Civil Procedure.........................................................10

## Statutes

11 U.S.C. § 109(e) ....................................................................................13

11 U.S.C. § 501 ..........................................................................................6

11 U.S.C. § 502(a) ................................................................................ 6, 14

11 U.S.C. § 507..........................................................................................15

11 U.S.C. § 1321 ........................................................................................6

11 U.S.C. § 1322 ........................................................................................6

11 U.S.C. § 1322(a)(1)...............................................................................13

11 U.S.C. § 1322(a)(2)...............................................................................15

11 U.S.C. § 1322(a)(3)...............................................................................15

11 U.S.C. § 1325 ........................................................................................6

15 U.S.C. § 1692b(6) ...................................................................................7

15 U.S.C. § 1692c(a)(1)...............................................................................7

15 U.S.C. § 1692c(a)(2) ................................................................7

15 U.S.C. § 1692c(a)(3) ................................................................7

15 U.S.C. § 1692d ....................................................................4, 7

15 U.S.C. § 1692d(5) ..................................................................7

15 U.S.C. § 1692e ......................................................... 4, 7, 8, 10

15 U.S.C. § 1692e(2) ..................................................................4

15 U.S.C. § 1692e(5) ..................................................................4

15 U.S.C. § 1692e(2)(a) ................................................ 7, 19, 20, 21, 22

15 U.S.C. § 1692e(8) ..................................................................7

15 U.S.C. § 1692e(10) ................................................................4

15 U.S.C. § 1692f................................................................ 4, 8, 10

15 U.S.C. § 1692f(1) ................................................................4, 8

15 U.S.C. 1692k ........................................................................7

15 U.S.C. § 1692k(a)(1) ..............................................................19

15 U.S.C. § 1692k(a)(2)(A) ..................................................... 19, 22

15 U.S.C. § 1692k(a)(2)(B)(ii) ......................................................19

15 U.S.C.§ 1692k(a)(3)......................................................... 19, 22

15 U.S.C. § 1692k(c) ........................................................... 19, 22

15 U.S.C. § 1692k(d) ........................................................... 19, 22

15 U.S.C. § 1692k(e) ........................................................................ 19, 22

28 U.S.C. § 158(d) ................................................................................1

## Alabama Code

Ala. Code § 6-2-37.............................................................................12

## Other Authorities

*Collier on Bankruptcy* ¶ 501.01 (Alan Resnik and Henry Sommer, eds.,

  16th ed.) .........................................................................................13

David G. Epstein, *Bankruptcy Claims Process: Review and Overview*, Practicing

  Law Institute, 898 PLI/Comm 149 (Nov. 2007) ....................................5

## Record Excerpts

Document 2-1...................................................................................2, 3

Document 2-2.....................................................................................2

Document 2-3.....................................................................................2

Document 2-4.....................................................................................2

Document 2-7.....................................................................................3

Document 2-8.....................................................................................3

Document 18 ....................................................................................16

## Official Forms

Official Bankruptcy Form 10.....................................................................6

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d), which permits an appeal as of right from a final judgment of the District Court. Debtor Stanley Crawford timely filed this appeal on May 24, 2013.  The final judgment appealed from was entered on May 9, 2013.

## STATEMENT OF ISSUES PRESENTED ON APPEAL

Did the Bankruptcy Court err in holding as a matter of law that debt collectors do not violate the Fair Debt Collection Practices Act (FDCPA) when they act to collect on a time-barred claim in bankruptcy?

## STANDARD OF REVIEW

In a bankruptcy appeal, this Court reviews the bankruptcy court's finding of facts for clear error and its conclusions of law de novo.  *In re Northlake Foods, Inc.*, 715 F.3d 1251, 1255 (11th Cir. 2013).  When reviewing on a dismissal for failure to state a claim, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the non-moving party.  *See Lanfear v. Home Depot, Inc.*, 679 F.3d 1267 (11th Cir. 2012); *see also* Northlake, 715 F.3d at 1255 (same review standard applies to motions for judgment on the pleadings under 12(c)).

1

## STATEMENT OF THE CASE

Debtor Stanley L. Crawford filed a chapter 13 petition on February 2, 2008. Docket No. 08-30192 (Bankr. M.D Ala.). Crawford initiated an adversary proceeding against Defendants LVNV Funding, L.L.C. ("LVNV") and Resurgent Capital Services ("Resurgent") related to a claim filed by in his chapter 13 case. The Adversary Proceeding was initiated on May 3, 2012 and given case number 12-03033 (Document 2-1). The adversary proceeding was brought under Bankruptcy Rule 3007(b), which requires the filing of an adversary proceeding and is in effect a counterclaim to the claim filed by LVNV. *See Farris v. Chrysler Credit Corp., (In re Farris),* 764 F. 2d 1475, 1477 (11th Cir. 1985).

The first count objected to LVNV's claim on the basis that the claim was time-barred. The second count asserted a violation of the automatic stay because Defendants sought to collect funds from the debtor's estate to which they had no legal claim or right. The third count asserted a violation of the FDCPA on the grounds that the Defendants were "debt collectors" as defined by the FDCPA and were seeking to collect on time-barred debt.

Each Defendant filed a motion to dismiss Crawford's adversary proceeding. (LVNV Funding, Documents 2-2, 2-4; Resurgent Capital Services, Documents 2-3, 2-4). The motions to dismiss were granted by the Bankruptcy Court relying on the

2

rationale of *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008). Document 2-7. The Debtor timely appealed the dismissal.  Document 2-8.

The District Court affirmed the Bankruptcy Court's decision on May 9, 2013.  The Debtor filed a timely appeal of the District Court's decision on May 24, 2013.

## STATEMENT OF THE FACTS

1.      The Debtor is a "consumer" as that term is defined by the FDCPA.

2.      LVNV is a debt collector, as defined in the FDCPA.  Document 2-1, ¶ 8

3.      Resurgent is a debt collector, as defined in the FDCPA. Document 2-1, ¶ 13.

4.      PRA is a debt collector. Document 2-1, ¶ 4.

5.      Each defendant has an established practice of filing proofs of claim on time-barred debts. Document 2-1, ¶ 17-19.

6.      LVNV, through Resurgent, filed a claim in the bankruptcy case seeking payment on a debt that had a last transaction date of October 26, 2001. Document 2-1, ¶ 31.

7.      The statute of limitations expired on this debt, at the latest, on October 26, 2004.   Document 2-1, ¶ 31

8.      The account had been inactive for more than thirteen years at the time of filing the adversary proceeding.  *See* Document 2-1, ¶ 20.

## SUMMARY OF THE ARGUMENT

Crawford's position is simple.  "….. the filing of a proof of claim is tantamount to the filing of a complaint in a civil action …. (Internal citations omitted) *In re Simmons*, 765 F.2d 547, 552 (5th Cir. Miss. 1985).  "Accordingly, [creditor's] proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint." (internal citations omitted) *Kline v. Zueblin (In re American Export Group Int'l Servs.)*, 167 B.R. 311, 313 (Bankr. D.D.C. 1994).

Since at least 1987 debt collectors have been on notice that filing suit on time-barred debt was a violation of the FDCPA. *See Kimber v. Federal Financial Corp.* 668 F. Supp. 1480 (1987, MD Ala.); *see also* 15 U.S.C.  §§1692d, e, e(2), e(5), e(10), f, f(1).  Therefore, a ***debt collector*** who files a claim in the bankruptcy court to collect on a time-barred debt has filed a civil action to collect time-barred debt in violation of the FDCPA.

The Debtor may sue for the FDCPA violation(s) by filing a counterclaim to the debt collector's claim (via an adversary proceeding pursuant to Rule 3007(b)) to recover damages. The FDCPA is not preempted by the Bankruptcy Code.  The FDCPA applies to debt collectors operating in the Bankruptcy Court just as it applies to debt collectors operating in any other Court.  There is no litigation

4

immunity for debt collectors operating in the Bankruptcy Court.  Debt collector(s) can violate the FDCPA by its/their action(s) in the Bankruptcy Court.

## STATUTORY FRAMEWORK

This case involves the intersection of two federal statutes: the Bankruptcy Code and the Fair Debt Collection Practices Act ("FDCPA").  More specifically, the case focuses on the interplay between the claims process in bankruptcy and FDCPA's prohibition against efforts to collect stale, time-barred debts.

## I.    The Claims Process in Bankruptcy

"Bankruptcy is all about 'claims'."[1]  The claims process is fundamental to achieving the two primary objectives of the Bankruptcy Code:  a fresh start for the debtor and the fair and orderly repayment of creditors to the extent possible. *Burlingham v. Crouse*, 228 U.S. 459, 474, 33 S.Ct. 564 (1913); *In re Sanchez*, 372 B.R. 289, 296-98 (Bankr. S.D. Tex. 2007). The Code establishes an elaborate system that dictates the order in which claims are paid and in what amount.  The claims process determines whether a debt is actually owed to any given creditor, the amount of the outstanding debt to each creditor, and the nature of each obligation (e.g., secured versus unsecured, priority or nonpriority) for purposes of

---

[1] David G. Epstein, *Bankruptcy Claims Process: Review and Overview*, Practicing Law Institute, 898 PLI/Comm 149 (Nov. 2007).

the bankruptcy case.  Resolution of each of these issues enables creditors to be paid in accordance with the rules and priorities set forth in the Bankruptcy Code.

In chapter 7 and chapter 13, creditors provide notice of their claims to the court, trustee, debtor and any other party in interest by filing a "proof of claim" with the court.  *See* 11 U.S.C. § 501; Fed. R. Bankr. P. 3001(f); Official Bankruptcy Form 10.  Proofs of claim function similarly to complaints in civil actions and must demonstrate that the party filing the claim has a right to payment. Proofs of claim that satisfy the requirements set forth in the Federal Rules of Bankruptcy Procedure constitute prima face evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f).  The debtor has an opportunity to "answer" the claim by objecting to the claim.  If no "answer," also known as an objection, is filed, a proof of claim will establish the amount and nature of the claim for purposes of the bankruptcy case. 11 U.S.C. § 502(a).

Section 1321 directs chapter 13 debtors to file a debt adjustment plan, also known as a chapter 13 plan.  11 U.S.C. § 1321. Chapter 13 plans that meet the requirements set forth in the Code are confirmed by the bankruptcy court.  Debtors make payments pursuant to their confirmed plans, generally from future wages, for the benefit of creditors that have filed claims.  11 U.S.C. §§ 1322, 1325.

## II.    The Fair Debt Collection Practices Act

Congress enacted the FDCPA to "eliminate abusive collection practices by debt collectors" and to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Edwards v. Niagara Credit Solutions, Inc*., 584 F.3d 1350, 1352 (11th Cir. 2009).   The FDCPA includes broad, general prohibitions against false, deceptive, or misleading representations, against using unfair or unconscionable means to collect or attempt to collect a debt, and against any conduct the natural consequences of which is to harass, oppress, or abuse any person.   15 U.S.C. §§ 1692f, 1692e(2)(a).   The FDCPA is generally a strict liability statute,[2] and a debt collector is responsible for violations of the FDCPA without regard to intent or knowledge of the willfulness of the violation. *See* 15 U.S.C. § 1692k; *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (FDCPA does not ordinarily require proof of intentional violation).

More specifically, section 1692d prohibits debt collectors from engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.   15 U.S.C. § 1692d.   Section 1692e forbids debt collectors from using "any false, deceptive, or misleading

---

[2] Certain provisions of the FDCPA, not applicable here, are conditioned on the debt collector's intent or knowledge.  *See, e.g*., 1692d(5), 1692b(6); 1692c(a)(1), (2), (3), 1692e(8).

representation or means in connection with the collection of any debt" including the false representation of the character, amount or legal status of the debt.  15 U.S.C. § 1692e.  Lastly, section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt including "the collection of any amount…unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

When evaluating whether the means employed by a debt collector run afoul of the FDCPA a court must view them from the perspective of the "least sophisticated consumer." *See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985).* The test is an objective one thereby protecting "the public-that vast multitude which includes the ignorant, the unthinking and the credulous."  *Id.* at 1172-73.

## ARGUMENT

## I.   THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE FDCPA DOES NOT PROHIBIT A DEBT COLLECTOR FROM FILING A PROOF OF CLAIM BASED ON A STALE, TIME-BARRED CLAIM.

### A.      Filing a Proof of Claim is a method of collecting a debt analogous to filing a civil action against the debtor.

When a creditor files a proof of claim in the bankruptcy court, "it is using a traditional method of collecting a debt." *Gardner v. State of N.J.*, 329 U.S. 565, 573 (1947) (holding state waived sovereign immunity by filing a proof of claim and thus voluntarily invoking the jurisdiction of the federal courts). The overwhelming weight of authority holds that the filing of a proof of claim as a method of collecting a debt is analogous to the filing of a civil action against the debtor. For example, *O'Neill v. Continental Airlines (In re Continental Airlines)*, 928 F.2d 127, 129 (5th Cir. 1991) stated: "[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer." 928 F.2d 127, 129 (*citing In re Simmons*, 765 F.2d 547 (5th Cir. 1985) and *Nortex Trading Corp. v. Newfield*, 311 F.2d 163, 164 (2d Cir. 1962). Similarly, in *Kline v. Zueblin (In re American Export Group Int'l Servs.)*, 167 B.R. 311 (Bankr. D.D.C. 1994), the bankruptcy court stated creditor's proof of claim is properly viewed as a complaint and the debtor's adversary proceeding as a counterclaim to that complaint. 167 B.R. 311, 313 (Bankr. D.D.C. 1994). *See also Gibson v. Parish*, 360 Fed. Appx. 974, 978-979 (10th Cir. Okla. 2010); *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995) (addressing withdrawal of claim prior to initiation of adversary proceeding); *Allen v. City Finance Co.*, 224 B.R. 347, 352 (S.D. Miss. 1998); *In re Kenny*, 75 Bankr. 515, 520 (Bankr. E.D.

Mich. 1987) (same); *Fort v. SunTrust Bank (In re Int'l Payment Group, Inc.)*, 2011

WL 5330783 (Bankr. D.S.C. Nov. 3, 2011).

The similarities between Rule 41(a) of the Federal Rules of Civil Procedure

and Rule 3006 in the Federal Rules of Bankruptcy Procedures lend further support

to this analogy.  Under Rule 41(a), a party may dismiss an action without a court

order by filing a notice of dismissal before the opposing party serves an answer.

Fed. R. Civ. P. 41(a)(1)(A)(i).  Similarly, a creditor may only withdraw a proof of

claim without court order if its notice of withdrawal is filed before an objection or

adversary proceeding is filed.  Fed. R. Bankr. P. 3006.[3]

**B.     Debt collectors violate the FDCPA when they file a civil action**

**against a debtor based on a time-barred debt.**

The FDCPA prohibits a debt collector from using "unfair or unconscionable

means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  The FDCPA

does not define unfair or unconscionable.  The filing of a lawsuit, without more, is

generally not considered unfair, unconscionable or deceptive.  However, the filing

of a lawsuit for which there is a complete defense, such as the running of the

statute of limitations, may violate sections 1692e and 1692f.

---

[3] Court permission to withdraw a proof of claim is also required if the creditor has
accepted or rejected the debtor's plan or if the creditor has otherwise participated
significantly in the case.

The majority of courts have held that when the expiration of the statute of limitations renders the debt unenforceable,[4] the FDCPA prohibits debt collectors from initiating or threatening legal action in connection with its debt collection efforts. *See Larsen v. JBC Legal Group, P.C*., 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008) (FDCPA prohibits threats to litigate time-barred claims); *Beattie v. D.M. Collections, Inc*., 754 F. Supp. 383, 393 (D. Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."), *Kimber v. Fed. Fin. Corp*,. 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) ("[A] debt collector's filing of a lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt."); *see also McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.,* 637 F.3d 939, 952 (9th Cir. 2011) (debt collector sued on time-barred debt and requested admission from *pro se* consumer in order to demonstrate the extension of the

---

[4] Under Alabama law a statute of limitations on a contract claim extinguishes the remedy thereby making the debt unenforceable. *See Ex parte Liberty Nat'l Life, Ins. Co*., 825 So. 2d 758, 765 (Ala. 2002). This is in contrast to "nonclaim statutes" under Alabama law that extinguish the debt and liability. *See Pingis v. Regions Bank*, 942 So. 2d 841 (Ala. 2006).

statute of limitations when debt collector's records showed no such payment had been made); *Castro v. Collectivo, Inc.*, 634 F.3d 779 (5th Cir. 2011) (recognizing any action beyond requests for payment on a time-barred debt may violate FDCPA, but holding relevant statute of limitations had not yet run).  By contrast, the FDCPA does not bar debt collectors from seeking voluntary repayment of the time-barred debt unless that debt has been extinguished.  *See Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.")

Here, LVNV, through its account servicer, Resurgent, filed an unsecured proof of claim in the amount of $2,037.99 on May 21, 2008.  According to the face of the claim, the debt was charged off by the original creditor nine years earlier on February 28, 1999, and the last transaction date was October 26, 2001.  The statute of limitations on this debt is three years "from the date of the last item of the account or from the time when, by contract or usage, the account is due."  Ala. Code § 6-2-37.  Accordingly, the statute of limitations for collecting this debt expired, at the latest in 2004.  Because the obligation to pay the debt was

unenforceable as of 2004, the FDCPA clearly prohibited LVNV and Resurgent from filing a complaint to collect this debt in state court or federal district court.

**C.     Similarly filing a proof of claim on a time-barred debt is also prohibited by the FDCPA**.

The primary purpose of the proof of claim is to share in any distributions from the bankruptcy case. 4-501 Collier on Bankruptcy ¶ 501.01 (Alan Resnik and Henry Sommer, eds., 16th ed.). The proof of claim gives notice of the creditor's claim and begins the process of establishing the amount of the claim and the nature of the claim. It is the opening salvo in the creditor's attempt to obtain money in the bankruptcy proceedings. Because the primary purpose of the proof of claim is to receive distributions, the Supreme Court has stated that when a creditor files a proof of claim in the bankruptcy court, "it is using a traditional method of collecting a debt." *Gardner*, 329 U.S. at 573. Indeed, in chapter 13, those distributions are most commonly made from the debtor's future wages. *See* 11 U.S.C. § 109(e) (only an individual with regular income may be a debtor under chapter 13); 11 U.S.C. § 1322(a)(1) (chapter 13 plan shall provide for the submission of debtor's future earnings as necessary to make payments under the plan).

As stated above, the filing of a civil action to collect a debt in state court, without more, is generally not considered unfair, unconscionable, or deceptive. *See Section I.B, supra.* Similarly, there is generally nothing unfair, unconscionable or deceptive about filing a proof of claim in bankruptcy. However, the majority of courts have agreed that filing a civil action to collect on a time-barred debt is unfair, unconscionable or deceptive and violates the FDCPA, *see Section I.B supra.* Likewise, the filing of a proof of claim based on a time-barred debt also violates the FDCPA.

The unwitting failure of consumers, who are usually ignorant of the statute-of-limitations defenses, to respond to collection actions on time-barred debts often find themselves saddled with default judgments. *See Kimber*, 668 F. Supp. at 1487. Alternatively, consumers may simply pay the debt collector rather than expend energy and resources defending the lawsuit. *Id.* As with civil actions, debtors must "answer" or object to proofs of claim based on time-barred debts; failure to object results in automatic allowance of the claim. 11 U.S.C. § 502(a) (claim is deemed allowed unless objected to).[5] Allowance of the claim entitles the creditor to payment based on the provisions of the debtor's chapter 13 plan. *See* 11

---

[5] In this regards it appears the Court could analogize a claim without objection to a civil action without answer. Both result in a default judgment granting relief to the plaintiff / claimant.

14

U.S.C. §§ 507, 1322(a)(2)-(3) (describing priority of payments and treatment of claims under a chapter 13 plan). Thus, debtors must spend energy and resources objecting to the proof of claim. Debtors unaware that they have a legal defense to the debt may not object, thus permitting the time-barred creditor to receive monies under the plan by default. In addition, in bankruptcy, distribution to creditors with time-barred claims necessarily reduces the payments to other legitimate creditors. *See In re El Toro Materials Co, Inc*., 504 F.3d 978, 979 (9th Cir. 2007) (describing the distribution of funds in bankruptcy as a zero-sum game); *Matter of Robintech, Inc.,* 863, F.2d 393, 398 (5th Cir. 1989) (same). For example, in *In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008), the bankruptcy court lamented the bankruptcy process of placing the burden on debtor to object to stale claims: "Allowing claims based on unchallenged proofs of claim is efficient and economical in most cases. However, requiring debtors to file objections and raise affirmative defenses to large numbers of stale claims filed by assignees based on a business model rather than after careful review and evaluation is both burdensome and expensive." Both inside and outside of bankruptcy, debt collectors efforts to use the judicial process to collect on time-barred claims impose significant costs and burdens on consumers, debtors and the Court system including Bankruptcy Courts.

15

Here, LVNV and Resurgent could not collect on this time-barred claim by filing a complaint in state court without violating the FDCPA. Nor should they be able to do so through the bankruptcy court at the expense of the debtor and other legitimate creditors. To hold otherwise creates immunity for debt collectors operating in the bankruptcy courts where none is provided for by the FDCPA. The Bankruptcy Code does not give debt collectors license to engage in unfair, unconscionable or deceptive debt collection practices that are prohibited by the FDCPA. Accordingly, this Court should reverse the decisions of the lower courts and hold that the filing of a proof of claim based on a time-barred debt violates the FDCPA[6] unless this Court finds that the Bankruptcy Code provides the sole remedy when debt collectors file unfair, false or deceptive proofs of claim, see Part II.

## II.    The Bankruptcy Court Claims Process Does Not Supplant the FDCPA.

The bankruptcy court and district court ostensibly did not reach the issue of whether the Bankruptcy Code provides the sole remedy to debtors where debt

---

[6] The District Court stated that it was declining to address the question of whether the Bankruptcy Code provides the sole remedy to the debtor when debt collectors file time-barred claims. Document 18, p. 6, fn.1. Assuming that the Bankruptcy Code did not provide the sole remedy to address debt collector's unfair and deceptive conduct, the court nevertheless found that the filing of a proof of claim on a time-barred debt was not an FDCPA violation. As demonstrated in Part I, filing a time-barred proof of claim does violate the FDCPA, unless the Bankruptcy Code precludes remedies under the FDCPA.

collectors file unfair, deceptive of false proofs of claim. However, each court relied on only one case in reaching its decision: the district court relied on *Simmons v. Roundup*, 622 F.3d 93 (2d Cir. 2010) and the bankruptcy court relied upon *In re Simpson*, 2008 WL 4216317 (N.D. Ala. Aug. 29, 2008). Both *Simmons* and *Simpson* erroneously conclude that the Bankruptcy Code provides the only remedy for the filing of unfair, unconscionable, false or deceptive proofs of claim. *Simmons*, 622 F.3d at 96. (Bankruptcy Code provides the exclusive remedy for wrongfully filed proofs of claim), citing *Walls v. Wells Fargo Bank, N.A*., 276 F.3d 502, 510 (9th Cir. 2002); *Simpson*, 2008 WL 4216317 at *3 ("An FDCPA claim, however, cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim.").

There is a split of circuit court authority on whether the Bankruptcy Code provides the sole remedy to debtors when debt collectors engage in collection activity that violates the FDCPA but also relates to the bankruptcy case. *Compare Randolph v. IMBS, Inc*., 368 F.3d 726 (7th Cir. 2004) *with Walls v. Wells Fargo Bank, N.A*., 276 F.3d 502 (9th Cir. 2002). Because two federal statutes are at issue, the question is not whether preemption prevents debtors from proceeding under the FDCPA, but rather whether Congress in enacting the Bankruptcy Code implicitly repealed the FDCPA. *See Randolph*, 368 F.3d at 730.

**A.  *Randolph*  Holds  That  Bankruptcy  Remedies  and  FDCPA Remedies Can Co-Exist**

The *Randolph* Court noted that "[o]ne federal statute does not preempt another," and that the proper question is whether one of the statutes has been expressly or implicitly repealed:

> When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed. (citations omitted).  It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replaces the other.

*Id*.  Nowhere in the Bankruptcy Cody is there an express provision or even an expression that the Code was intended to override the protections of the FDCPA. So while there may be some "operational differences" between the FDCPA and the Bankruptcy Code, there is no "irreconcilable conflict" between the two statutes. *Id.; see also Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13 (1st Cir. 2002) (although dismissing FDCPA claim, noting that FDCPA claim could be brought where collector makes false allegations that debtor is obligated to pay a debt discharged in bankruptcy); *Bessette v. Avco Fin. Servs., Inc.* 230 F.3d 439 (1st Cir. 2000) (implicitly finding that civil RICO claim based on discharge violation not in conflict with the Bankruptcy Code, but dismissing RICO claim on other grounds).

18

To demonstrate its point, the Seventh Circuit in *Randolph* created a useful chart comparing the Bankruptcy Code's automatic stay provision with the FDCPA.

|  | Bankruptcy | FDCPA |
|---|---|---|
| Who | Anyone | Debt collector only |
| Scienter | Willfulness | Strict liability (§ 1692e(2)(A)) |
| Defense | None | Bona fide error plus due care (§ 1692k(c)), or reliance on FTC opinion (§ 1692k(e)) |
| Statutory Damages | None | $1,000 maximum (§ 1692k(a)(2)(A)) |
| Compensatory Damages | Yes | Yes (§ 1692k(a)(1)) |
| Punitive Damages | Yes | No |
| Cap on Class Recovery | No | Yes (§ 1692k(a)(2)(B)(ii)) |
| Maximum recovery | No | Yes, $500,000 or 1% of net worth, whichever is less (§ 1692k(a)(2)(B)(ii)) |
| Attorneys' fees to debtor | No | Yes (§ 1692k(a)(3)) |
| Attorneys' fees to creditor | No | Yes (§ 1692k(a)(3)) |
| Statute of limitations | None (laches defense only) | One year (§ 1692k(d)) |

By comparing the two statutes, the Seventh Circuit found that they can work together harmoniously. The *Randolph* court rejected the argument that the Bankruptcy Code provides a comprehensive remedial scheme and the Code did not "work an implied repeal of the FDCPA." *Id.* at 732. Instead, both statutes can be

easily enforced and debt collectors "can comply with both simultaneously." *Id.*; *see also Ross v. RJM Acquisitions Funding L.L.C.*, 480 F.3d 493 (7th Cir. 2007) (collecting a debt that has been discharged in bankruptcy violated 15 U.S.C. § 1692e(2)(A)'s prohibition against a debt collector making a false representation of the character, amount, or legal status of the debt); *Clark v. Brumbaugh and Quandahl, P.C., L.L.O.*, 2010 WL 3190587 (D. Neb. Aug. 12, 2010) (rejecting *Walls* and followed *Randolph* to hold that the Bankruptcy Code does not bar an FDCPA claim in district court "for a violation allegedly arising from collection efforts initiated after the bankruptcy court entered the automatic stay and discharge injunction."); *Bacelli v. MFP, Inc.*, 2010 WL 2985699 (M.D. Fla. Jul. 28, 2010) (following *Randolph*); *Vick v. NCO Financial Sys. Inc.*, 2010 WL 1330637 (E.D. Tex. Mar. 15, 2010) (Bankruptcy Code does not preclude relief under the FDCPA); *Kline v. Mortgage Elec. Sys.*, 2009 WL 3064660 (S.D. Ohio Sept. 21, 2009) (Bankruptcy Code did not impliedly repeal the FDCPA; debt collector's seeking illegal late fees and the like outside of bankruptcy violated the FDCPA); *Bagwell v. Portfolio Recovery Associates, L.L.C.*, 2009 WL 1708227 (E.D. Ark. June 5, 2009) ("Plaintiff is not attempting to hold Defendants in contempt for a violation of the bankruptcy discharge order but, rather, Plaintiff is attempting to establish FDCPA liability based on Defendants' pursuit of a debt which Plaintiff claims is

not owed."); *Bianchi v. The Bureaus, Inc.*, 2008 WL 597587 (N.D. Ill. Feb. 27, 2008) (collector violated 15 U.S.C. § 1692e(2)(A) when it telephoned the consumer more than two months after she had filed for bankruptcy; collection letter to the consumer's attorney regarding payment of a debt discharged in bankruptcy was not actionable because the attorney of the consumer had filed for the consumer's bankruptcy and would not have been deceived); *In re Contreras*, 2007 WL 273128 (Bankr. S.D. Tex. Jan. 26, 2007) (debt collector's continued collection efforts knowing of the consumers' bankruptcy and discharge violated FDCPA); *In re Gunter*, 334 B.R. 900 (Bankr. S.D. Ohio 2005)(debtor sufficiently state claim for relief under FDCPA where debt collector repeatedly took steps to collect discharged debt).

**B.    *Randolph* Applies Equally in the Context of Challenging Time-Barred Proofs of Claims**

A similar chart to that constructed by the *Randolph* court demonstrates that the remedies available under the Code and the FDCPA for challenging the filing of time-barred claims are not irreconcilable.  Under the Bankruptcy Code an improper proof of claim may be challenged by objection to the claim or by the filing of an adversary proceeding as specified in Rule 3007(b) including an FDCPA claim.

21

|  | Objection | FDCPA |
|---|---|---|
| Against Whom | Creditor | Debt collector Only |
| Process | Answer/ Objection to Claim | Adversary proceeding or complaint including claim objection |
| Scienter | None | Strict liability (§ 1692e(2)(A)) |
| Defense | None | Bona fide error plus due care (§ 1692k(c)), or reliance on FTC opinion (§ 1692k(e)) |
| Damages | None, but claim disallowed | Statutory $1,000 maximum (§ 1692k(a)(2)(A)), compensatory, no punitive |
| Attorneys' fees to debtor | No | Yes (§ 1692k(a)(3)) |
| Statute of limitations | None (closing of the case) | One year (§ 1692k(d)) |

## C.    *Walls*, and Its Progeny Hold that the Bankruptcy Code Provides the Sole Remedy to Debtors When Debt Collectors Engage in Collection Activity that Violates the FDCPA, but also Relates to the Bankruptcy Case.

In *Walls v. Wells Fargo Bank*, 276 F.3d 502 (9th Cir. 2002), the debtors alleged that the creditor violated the discharge injunction and the FDCPA by attempting to collect a debt that had been discharged in bankruptcy. *Id*. at 505. The Ninth Circuit Court of Appeals held that the debtor could not pursue a claim for violation of the discharge injunction and for violation of the FDCPA, finding that the Bankruptcy Code precluded a simultaneous claim under the FDCPA. *Id*. at

22

510. The *Walls* court reasoned that because the Bankruptcy Court provided its own remedy for violation of the discharge injunction, allowing a simultaneous claim under the FDCPA would enable the debtor to "circumvent the remedial schedule of the Code." *Id.*

Relying on *Walls*, the Second Circuit Court of Appeals, in *Simmons*, held that the remedy for fraudulent or otherwise defective proofs of claim is available only through the Bankruptcy Code. 622 F.3d at 97. The *Simmons* court stated that "Nothing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA. And nothing in the FDCPA suggests that it is intended as an overlay to the protections already in place in the bankruptcy proceedings." *Id.* (*citing Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810, 813-814 (N.D. Ill. 1999)). The *Simmons* court misstates the analysis.

The question is not whether Congress outwardly expressed and intended the FDCPA to overlay the protections of the Bankruptcy Code. Rather, as the *Randolph* court rightly stated, the question is whether debt collectors can comply with both the provisions of the Bankruptcy Code and the FDCPA. When it comes to filing proofs of claim based on time-barred debt there is nothing that prevents debt collectors from complying with the requirements of the Bankruptcy Code and

23

the FDCPA. Absent an irreconcilable conflict debtors should be permitted to assert FDCPA counterclaims when debt collectors file proofs of claims based on time-barred debts.

## CONCLUSION

A debtor in bankruptcy is entitled to the same protections under the FDCPA against abusive, unlawful and unsupported filings in the Bankruptcy Court that he would receive in any other court in the United States. Consumers should not be required to sacrifice the protections of the FDCPA in order to obtain the fresh start available under the Bankruptcy Code. There is nothing irreconcilable about the provisions of the Bankruptcy Code and the FDCPA that creates immunity to debt collectors for filing proofs of claim based on time-barred debts. The protections of the FDCPA can peacefully coexist with and further the fresh start available to overburdened debtors under the Code. Therefore, this Court should reverse the judgment of the bankruptcy court and district court.

Respectfully submitted,

*/s/Nick Wooten*
Nick Wooten
Nick Wooten - Bar No. WOO084
Nick Wooten, LLC
P.O. Box 3389
Auburn, AL 36831
Tel. (334) 887-3000
Fax (334) 821-7720
Email:   nick@nickwooten.com

24

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify that this brief contains 6,607 words in compliance with Fed.R.App.P. 32(a)(7).

*/s/ Nick Wooten*_____
Of Counsel
Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 15th day of July 2013.

Neal W. Moore
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
Attorney for Defendants/Appellees

*/s/ Nick Wooten*_____
Of Counsel
