NO:  13-12389-E

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

STANLEY CRAWFORD,

Plaintiff-Appellee,

Vs.

LVNV FUNDING, LLC, ET AL

Defendant-Appellants.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN  DIVISION
CASE NUMBER 2:12-CV-701-WKW

BRIEF OF APPELLEES

Neal D. Moore, III
Sarah E. Orr
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722 voice
(205)879-8831 fax
ndm@ffdlaw.com
seo@ffdlaw.com

{W0361070.1}

## IN THE ELEVENT CIRCUIT COURT OF APPEALS

| | | |
|---|---|---|
| STANLEY CRAWFORD, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Appeal No: 13-12389-E |
| | ) | |
| LVNV FUNDING, ET AL., | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

### APPELLEE, LVNV FUNDING, LLC'S BRIEF

COMES NOW the Appellees, LVNV Funding, LLC, Resurgent Capital Services, LP, and PRA Receivables Management, LLC and file the following Brief:

### CORPORATE DISCLOSURE STATEMENT

Appellees, in accordance with Federal Rule of Appellate Procedure 26.1, hereby disclose the following:

1. LVNV Funding, LLC is owned by the following parent company: Sherman Originator, LLC.

2. Resurgent Capital Services, LP, is owned by the following parent companies: Sherman Financial Group, LLC and Alegis Group, LLC.

3. PRA Receivables Management, LLC is owned by the following parent company: Portfolio Recovery Associates, Inc.

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Appellees, in accordance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, hereby certify that the following persons and entities have an interest in the outcome of this appeal:

1. **Honorable Dwight D. Williams**, United States Bankruptcy Judge

2. **Honorable W. Keith Watkins**, United States District Court Judge for the Middle District of Alabama

3. **Stanley L. Crawford**, Appellant

4. **Nicholas H. Wooten**, Attorney for Appellant

5. **Neal D. Moore**, Attorney for Appellees Resurgent Capital Services, LP and LVNV Funding, LLC

6. **Sarah E. Orr**, Attorney for Appellees Resurgent Capital Services, LP and LVNV Funding, LLC

7. **LVNV Funding, LLC**, Appellee, who is owned by the following parent company: Sherman Originator, LLC.

8. **Resurgent Capital Services, LP**, Appellee, who is owned by the following parent companies: Sherman Financial Group, LLC and Alegis Group, LLC.

9. **PRA Receivables Management, LLC**, Appellee, who is owned by the following parent company: Portfolio Recovery Associates, Inc.

10.**Curtis C. Redding**, Chapter 13 Trustee for Case No. 08-30192 in the United States Bankruptcy Court for the Middle District of Alabama

## STATEMENT REGARDING ORAL ARGUMENT

Resurgent Capital Services, LP and LVNV Funding, LLC believe that oral argument may assist the Court in understanding the issues presented and resolving the questions before the court.

# TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . i

**CERTIFICATE OF INTERESTED PERSONS** . . . . . . . . . . . . . . . . . . . . . . .ii

**STATEMENT REGARDING ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . iii

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

**TABLE OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .v

**STATEMENT OF THE ISSUES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    **I.**     **Filing a Proof of Claim is Not a Communication With a Debtor**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    **II.**    **A Proof of Claim is Not a Complaint**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    **III.**   **There is No Conflict Between the FDCPA and the Bankruptcy Court Claims Process**
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

**CERTIFICATE OF COMPLIANCE** . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## Cases

*Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,*
1999 WL 284788 (Apr. 26, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*B-Real, LLC v. Rodgers*, 405 B.R. 428, 432 (2009) . . . . . . . . . . . . . . . . . . 9, 20, 21

*Gray-Mapp v. Sherman*, 1999 WL 1893911 (Oct. 21, 1999) . . . . . . . . . . . . . . .8, 9

*In Re Chaussee*, 399 B.R. 225, 245 (B.A.P. 9th Cir. 2008) . . . . . . . . . . . . . . . . . .7

*In Re Jenkins*, 456 B.R. 236 (Bankr. E.D.N.C. 2011) . . . . . . . . . . . . . . . . . . . . . . 6

*In Re McMillen*, 440 B.R. 907 (Bankr. N.D. Ga. 2010) . . . . . . . . . . . . . . . .5, 6, 10

*In Re Simmons*, 765 F.2d 547 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . .17, 18

*In Re Simpson*, 2008 WL 4216371 (N.D. Ala. Aug. 29, 2008) . . . . . . . . 10, 11, 12

*Klein v. Zueblin*, 167 B.R. 311 (Bankr. D.D.C. 1994) . . . . . . . . . . . . . . . . . . . . .17

*Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434 (D. Minn.) (2008)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*O'Neill v. Continental Airlines*, 928 F.2d 127 (5th Cir. 1991) . . . . . . . . . . . . 15, 16

*Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2010) . . . . . . . . . . . . . . . . . . 8

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . 20, 21

## Rules

Rule 26.1, Fed. R. App. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

Rule 32(a)(7), Fed. R. App. P. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Rule 26.1-1, 11th Cir. R. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i, ii

**Statutes**

15 U.S.C. § 1692a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 7

15 U.S.C. § 1692c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

15 U.S.C. § 1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..7

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

11 U.S.C. § 502(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11 U.S.C. § 558 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF THE ISSUE

Did the United States Bankruptcy Court for the Middle District of Alabama ("Bankruptcy Court") err in dismissing Stanley Crawford's ("Crawford") Adversary Proceeding which was based solely on Resurgent Capital Services, LP and LVNV Funding, LLC's filing of a proof of claim for a time-barred debt.

## STATEMENT OF THE CASE

The Appellees do not object to Appellant's Statement of the Case, but add that Plaintiff/Appellant's claims for stay violations were waived during oral argument on Defendant/Appellee's Motion to Dismiss the Adversary Proceeding in the Bankruptcy Court. Therefore, Crawford's claim for a stay violation is not at issue for this appeal.

## STATEMENT OF FACTS

1.    Crawford filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Middle District of Alabama (Case No. 08-30192) on February 2, 2008. Document 2-1.

2.    Subsequent to Crawford filing for bankruptcy, LVNV Funding, LLC, by and through its account servicer, Resurgent, filed an unsecured proof of claim (Claim #8) on May 21, 2008. Document 2-1.

3.    The underlying debt on which the proof of claim was filed was out of statute for suit. Document 2-1, ¶ 34.

3.     On September 4, 2010, Claim #8 was transferred from Sherman Acquisition, LLC, as seller, LVNV Funding, LLC, Transferor, to PRA Receivables Management, LLC as agent of Portfolio Recovery Associates, LLC, Transferee. Document 2-1, ¶ 32.[1]

6.     On May 3, 2012, Crawford filed an Adversary Proceeding in the U.S. Bankruptcy Court for the Middle District of Alabama, objecting to the proof of claim, alleging a violation of the bankruptcy court's automatic stay and violations of the Fair Debt Collection Practices Act. Document 2-1.   The alleged FDCPA violation is the mere filing of a Proof of Claim for an out-of-statute debt.

## SUMMARY OF THE ARGUMENT

Stanley Crawford is not entitled to relief under the Fair Debt Collection Practices Act (FDCPA) because he has not been the victim of false, fraudulent, harassing or oppressive collection efforts.  In fact, he has not been subjected to any collection efforts at all.  This case originates out of Crawford's contest of a proof of claim filed in accordance with the Bankruptcy Code.  The filing party, Defendant LVNV, was the owner of an out-of-statute debt.  Because the debt was out of statute – and only because it was out of statute – Crawford argues the proof of claim is 'false' and therefore a violation of the FDCPA.  He is wrong for many reasons.

---

[1] PRA Receivables Management, LLC is only a party to this lawsuit because they are the current owner of Crawford's debt. This fact is subject to stipulation.

To begin with, the bankruptcy claims process is merely a request by a creditor to participate in the distribution of the assets of the estate. If it is a collection effort, it is not a collection effort directed to the debtor. It is directed to the court. Crawford was not even spoken to. Crawford was not harassed or abused by the filing, and was probably completely unaware of it. He was at all times fully protected by the bankruptcy process he invoked and has no standing or claim under the FDCPA for an alleged 'false' proof of claim.

But the proof of claim was not 'false' anyway. Crawford does not deny owing the debt. He just takes refuge in the expiration of the statute of limitation. However, this does not mean the debt is no longer owed. It just means the creditor cannot file a lawsuit to recover it. The right to collect it still exists, and hence submitting a proof of claim cannot be false as a matter of law. Crawford still owed the money.

A proof of claim is procedurally analogous to a complaint, but substantively far different. A debtor must contest a proof of claim through the bankruptcy code. This in no way limits any co-existing rights under the FDCPA. But those rights do not come into play unless and until the collector commits a false or abusive action against the debtor (or consumer, as the FDCPA would define it). Once a bankruptcy is filed, subsequent calls to the debtor demanding immediate payment would violate the stay and perhaps the FDCPA as well. The bankruptcy claims

process is not that type of collection activity. It is part of the bankruptcy itself and the means through which creditors are supposed to advise the estate of potential claims.

The FDCPA does not apply to the claims process because the process is directed to the trustee and court, not the debtor. Even if it did apply, the proof of claim in this case was not false or abusive. If a proof of claim were a collection activity against the debtor, every proof of claim would in and of itself violate the automatic stay. Importantly, the Code allows for the statute of limitations to be asserted against a proof of claim, further demonstrating the anticipation of the drafters that out-of-statute claims could – and would - be filed. There is simply no case here, as both the United States Bankruptcy Court for the Middle District and the United States District Court decided. Both are due to be affirmed.

## ARGUMENT

The plaintiff wants to change the law regarding the bankruptcy claims process. Despite the weight of cases against him, Crawford argues decisions from a multitude of jurisdictions have all wrongly considered this question: does filing a proof of claim in a bankruptcy proceeding simultaneously subject the filing party to liability under the FDCPA if the debt is out of statute. The reported decisions consistently find that it does not. Crawford contends it does, or at least, that it should. Tellingly, Crawford gives this Honorable Court no direct authority for his contention. Thus the issue on appeal is simply whether every other Bankruptcy Court and District Court that considered the issue arrived at the incorrect conclusion. The answer to this question begins not with an analysis of the errors in Crawford's contentions (which comes later) but with an understanding of why this is the law to begin with.

## I.     Filing a Proof of Claim is Not a Communication With a Debtor.

Filing a proof of claim is not the type of 'collection activity' the FDCPA is supposed to control. The Fair Debt Collection Practices Act is intended to protect the least sophisticated of consumers, but only in regards to communications and collection activities directed to them, i.e., to a "consumer." See 15 U.S.C. §§ 1692a(3), 1692a(5), 1692c, 1692g; *In Re McMillen*, 440 B.R. 907, 913 (Bankr. N. D. Ga. 2010). But filing a proof of claim is not the same thing as attempting to

collect a debt from a consumer; it is merely "a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay." *Id. at* 912 (citing *Jacques v. U.S. Bank N.A.*, 416 B.R. 63, 80 (Bankr. E.D.N.Y. 2009).

In fact, the proof of claim is not directed to the debtor (consumer) at all, but rather to the Court and the trustee in bankruptcy. The bankruptcy claims process is not a trick or a threat to the plaintiff; it is the opposite. A proof of claim, even if disallowed, is not a lie or a deception. In most instances, the debtor is likely unaware a proof of claim was even filed, but regardless, is still fully protected by the bankruptcy claims process. Creditors are not calling and harassing petitioners; they are simply filing claims in the bankruptcy court. Because a proof of claim is not a communication with a consumer, the FDCPA would have no application.

Recognizing this, at least one court has acknowledge the inconsistency that would arise if the bankruptcy claims process was transformed into an 'action to collect a debt.' If filing a proof of claim constituted a "collection" activity, then filing proofs of claim would be fundamentally at odds with language in § 362(a)(6) providing that the filing of a petition "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." *In Re Jenkins*, 456 B.R. 236,

240 (Bankr. E.D.N.C. 2011). In other words, the stay applies to actions against debtors, but not to every action a creditor may take. Creditors are still allowed to let the Court know of a claim. The FDCPA does not apply to the bankruptcy claims process because creditors who file proofs of claim are not engaging in the sort of debt-collection activity that the FDCPA regulates. This does not mean a bankrupt debtor has no protection under the FDCPA as Crawford incorrectly argues. It simply means the claims process is not 'collection activity' governed by the Fair Debt Collection Practices Act.

However, even if the proof of claim were a communication with a consumer, it would not be abusive or deceptive, and hence still not a violation of the FDCPA. The FDCPA was never intended to prohibit *all* efforts to collect debts; instead, it outlaws only those practices that are "abusive, deceptive, and, unfair," 15 U.S.C. § 1692(a) – things like false representations, *id.* at § 1692e, and threats of violence, *id.* at § 1692d(1). Given the close supervision attendant to bankruptcy cases, "the statutory purpose of the FDCPA, as well as common sense," suggests "there is nothing unfair or unconscionable about filing a proof of claim in a bankruptcy case even if it could be construed as a debt collection activity." *In Re Chaussee*, 399 B.R. 225, 245 (B.A.P. 9th Cir. 2008). This truth is underscored by the fact that filing a proof of claim is how unsecured creditors are <u>supposed</u> to advise the estate of a claim.

Courts have routinely adopted this rationale in dismissing allegations of FDCPA violations based on the bankruptcy claims process. In *Simmons v. Roundup Funding, LLC*, the U.S. Court of Appeals in the Second Circuit affirmed the district court's dismissal of an FDCPA claim even though the Defendants filed an inflated proof of claim in bankruptcy court. *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2010). The court held "Federal courts have consistently ruled that filing a proof of claim in a bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action." *Id*. at 95. The court further stated as follows:

> The FDCPA is designed to protect defenseless debtors and give them remedies against abuse by creditors. There is no need to protect debtors who are already under the protection of the bankruptcy court, and there is no need to supplement the remedies afforded by bankruptcy itself.

*Id*. at 96.

The United States District Court for the Northern District of Illinois has twice addressed this issue. In *Baldwin v. McCalla*, the court found an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court. *Baldwin v. MaCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 1999 WL 284788 at *3-4, 1999 U.S.Dist. LEXIS 6933, at *10-11 (N.D. Ill. April 19, 1999). In *Gray-Mapp v. Sherman*, the court continued this line of reasoning and explained

"[n]othing in either the Bankruptcy Code or the FDCPA suggests that a debtor should be permitted to bypass the procedural safeguards in the Code in favor of asserting potentially more lucrative claims under the FDCPA." *Gray-Mapp v. Sherman*, 1999 WL 1893911 (Oct. 21, 1999).

The District Court for the Middle District of Louisiana, when presented with the same issue, stated that "this Court fails to see how the purpose of the Bankruptcy Code and Rules, which is to 'secure the just, speedy, and inexpensive determination of every case and proceeding' is furthered by allowing a debtor to proceed with an FDCPA claim against a creditor whose only action is to file a proof of claim under the procedures set out in the Code." *B-Real, LLC v. Rodgers*, 405 B.R. 428, 432 (2009). Simply put, the protections of the FDCPA are neither needed nor provoked by the bankruptcy claims process. It is a communication with the Court, not the consumer (debtor).

Just like this case, in *Middlebrooks v. Interstate Credit Control, Inc.*, the debtor in a bankruptcy proceeding filed an FDCPA action against a creditor who filed a proof of claim on a time-barred debt. *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434 (D.Minn.) (2008). In granting defendant's motion to dismiss the FDCPA claims, the court held "permitting an FDCPA action based on a bankruptcy proof of claim 'could discourage creditors from filing claims … and encourage debtors to ignore the procedural safeguards within the Bankruptcy

Code, such as the right to object to proofs of claim....'" *Id.* at 437 (quoting *Rice-Etherly v. Bank One* (*In Re Rice Etherly*), 336 B.R. 308, 312 (Bankr.E.D.Mich.2006)). The court concluded that the FDCPA provides no remedy for an allegedly wrongful proof of claim. *Id.* At 437.

In *In Re McMillen, supra* a debtor brought an adversary proceeding against a creditor for filing duplicate proofs of claim, alleging violations of the FDCPA. *In Re McMillan* at 908. In its opinion dismissing the debtor/plaintiff's Complaint, the U.S. Bankruptcy Court for the Northern District of Georgia held that "filing a proof of claim in a bankruptcy cannot be the basis for an FDCPA claim, because it is not an activity against a consumer debtor." *Id.* The court further reasoned that "to constitute debt collection activity under the FDCPA, the activity must be asserted against a consumer. The filing of a proof of claim is a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from a debtor who enjoys the protections of the automatic stay." *Id.*

Perhaps the most on-point case, for a host of reasons, is *In Re Simpson*, 2008 WL 4216371 (N.D. Ala. Aug. 29, 2008). Like Stanley Crawford, Simpson incurred a debt to a furniture store. *Simpson* at 1. Years later, he would seek Chapter13 bankruptcy protection. *Id.* In the interim, his debt to the furniture store had been sold to Portfolio Recovery Associates ("PRA"). *Id.* Simpson did not list

PRA on his bankruptcy schedule. *Id.* PRA nonetheless filed an unsecured Proof of Claim. *Id.* Like Stanley Crawford, Simpson then filed an adversarial proceeding. *Id.* He contended PRA had filed a false Proof of Claim because the furniture debt was time-barred. *Id.* Also, like Crawford, Simpson contended filing this "false" Proof of Claim not only violated the automatic stay but simultaneously violated the Fair Debt Collection Practices Act.[2]*Id.* The United States Bankruptcy Court for the Northern District of Alabama, Southern Division, disagreed on both counts. *Simpson* at 3.

Regarding the FDCPA, the *Simpson* Court reasoned the term "claim" includes any right to payment, and therefore "includes claims barred by the statute of limitations because the creditor has a right to receive payment." *Simpson* at 2. The Court held that the claims allowance process set forth in bankruptcy procedure allows for debtors to assert a statute of limitations defense to stale claims which the Court will address pursuant to 11 U.S.C. §§ 502(b)(1), 558. *Id.* The court also noted "the filing of time-barred claims is one of the grounds set forth in section 502(b) further illustrating that the filing of a time-barred claim does not create a cause of action." *Id.*

The *Simpson* Court continued to explain "(t)he debtor's remedy in dealing with an objectionable claim is already set forth in the claims allowance process and

---

[2] Crawford abandoned his automatic stay violations at the Motion to Dismiss hearing.

should be dealt with accordingly…" *Id.* It is important to note Crawford has failed to cite any section of the Bankruptcy Code that provides for relief outside of the normal claims allowance process. The debtor in *Simpson* had the same problem, which the Court also considered sufficient to warrant dismissal. *Id.* at 2.

Ultimately, and perhaps most importantly, the Court correctly decided the debt at issue was in reality neither 'false' nor 'fraudulent.' It was simply out-of-statute.[3] Just because the statute of limitations expired does not mean the debt is "false." He still borrowed the money. The *Simpson* Court noted this important distinction, ruling: "the claim therefore represents a valid debt owed by the debtor…the statute of limitations does not extinguish the debt; rather it bars the enforcement of the debt." *Id.* at 3. Therefore, even were the FDCPA to apply, there would be no 'false' or 'misleading' statement by the creditor simply because he sought payment from the estate for an old debt.

Any single reason cited by any of the courts above would be compelling, but in this case, every reason by each court is applicable to the question on appeal. LVNV's proof of claim is merely a legally condoned request to participate in the distribution of a bankrupt estate. It was not a communication to Mr. Crawford. Instead, notice was provided to the trustee and the bankruptcy court, neither of which will ever be confused for the least sophisticated consumer. Mr. Crawford

---

[3] Another similarity between Simpson and Crawford are that both agree they owed the money. Crawford states he "does not deny he opened an account with Heilig-Meyers more than 13 years ago." Document 2-1, ¶ 20.

was fully protected by the legal process he invoked when he filed bankruptcy. The bankruptcy claims process is simply not a collection effort governed by the FDCPA.

More than that, however, is the fact that should the FDCPA apply, there would still be nothing harassing or abusive about the proof of claim. Crawford was not threatened, bullied or intimidated. He was not even spoken to. The FDCPA does not mean debts cannot be collected. It only means debts must be collected honestly. On that point, there is not one thing dishonest about asking for payment on an out-of-statute debt. The statute only extinguished the remedy, not the right to payment.

Crawford knows this, but is nonetheless interested in bypassing the objection and contempt process in bankruptcy in the hopes of pursing a more lucrative claim under the FDCPA. Crawford admits nothing in the bankruptcy code provides for such a remedy. Nor does he explain how his FDCPA claim will further the purpose and policy of the bankruptcy claims process, which is to provide a just and timely resolution of cases. The alleged offender in this case did nothing other than file a proof of claim under the procedures set out in the code, and creating liability for this act alone will discourage participation in the claims process.

This does not mean the code somehow repeals the FDCPA, or vice versa.[4] It simply means filing a proof of claim, even on an old debt, does not trigger FDCPA protections because it isn't a collection act against a consumer, it isn't abusive, it isn't false, and the bankruptcy code (and trustee, and court) serve to protect the interests of the debtor. The FDCPA still applies to debt collectors. But the act of filing a claim in accordance with the code does not evoke or violate the FDCPA. Crawford's flawed premise is to assume the proof of claim violates the FDCPA and then to criticize courts for not applying it. Crawford has never pled an actionable violation to begin with.

## II.    A Proof of Claim is Not a Complaint

A large portion of Crawford's argument on appeal is premised on the similarity between a Proof of Claim and an actual Complaint. Crawford correctly notes that a lawsuit filed on an out-of-statute debt would be prohibited by the FDCPA. Crawford then posits that a Proof of Claim – inasmuch as it is essentially a Complaint – on a stale debt would also violate the FDCPA. In structuring this argument, however, Crawford over-simplifies the cases cited in his Appellant Brief by relying only on specific language, rather than the context and meaning of the decision as a whole. While a Proof of Claim has procedural consequences similar to a Complaint, they are not the same thing and no Court has suggested otherwise.

---

[4] Crawford seems to have toned down or abandoned the 'preemption' language in his earlier filings. Nonetheless, as will be addressed in the final section, he has presented the same ideas under the guise of 'supplanting' and 'co-existence.'

LVNV asks this Court to consider Plaintiff's reliance on *O'Neill v. Continental Airlines (In Re Continental Airlines)*, 928 F. 2d 127, 129 (5th Cir. 1991). The court in *Continental Airlines* was tasked with determining whether the appeal of the denial of a Proof of Claim was an action "against the debtor" or an action "by the debtor." By way of background, Continental Airlines filed for Chapter 11 Reorganization on September 24, 1983. 928 F. 2d. 127, 128. Numerous pilots filed individual Proofs of Claim totaling over thirty million dollars. *Id.* at 128. After much discussion, the Bankruptcy Court granted Continental's Motion for Summary Judgment dismissing the pilots' Proofs of Claim in 1986. *Id.* The pilots appealed this ruling to the District Court which affirmed the ruling of the Bankruptcy Court in 1989. *Id.* The District Court's ruling was then taken to the United States Court of Appeals for the Fifth Circuit. *Id.* However, while the Fifth Circuit was considering the appeal, Continental <u>again</u> filed bankruptcy. *Id.* Continental argued its new bankruptcy should stay the appeal of the pilots' claims. *Id.*

Because the stay applies to any proceeding <u>against the debtor</u>, the Court had to determine whether the appeal of the decision denying the pilots' Proof of Claim was against the debtor or not. The pilots argued that the judicial proceeding at the heart of their appeal was Continental's decision to file bankruptcy. *Id.* at 129.

Accordingly, the pilots contended the stay should not apply to their appeal as it was the result of an action (the bankruptcy) initiated by Continental. *Id.*

The Court disagreed, and this is where we find the language upon which the Plaintiff depends. Acknowledging the appeal is linked to the original 1983 bankruptcy, the Court explained that a Proof of Claim is akin to a Complaint, and thus is undoubtedly "against the debtor" as it pertains to the application of the automatic stay. *Id.* In other words, "the dispute over the pilots' claim for furlow pay, initiated *against* Continental, is the subject of the litigation before us." *Id.* (emphasis in original). Accordingly, the Court did not find that a Proof of Claim was a Complaint. It merely used this analogy as a teaching device to explain to the parties the nature of the core dispute on appeal.

In fact, the Court went so far as to emphasize it was merely making an analogy between the two when the pilots further argued the enactment of new bankruptcy rules should alter the Court's finding. In the first footnote of the opinion, the Court explained:

> The procedure for filing Proofs of Claim and objections did not change in any respect material here with the enactment of the current Bankruptcy Code in 1978, however, and the analogy [of a Complaint to a Proof of Claim] is applicable to this case . . . . .

*Id.*, FN1. As this Honorable Court knows, an analogy is a comparison between two otherwise dissimilar things. This comparison was used to answer a procedural question, not to change the nature of the procedure itself.

The same is true in *Klein v. Zueblin (In Re: American Export Group Int'l Servs.)*, 167 B.R. 311 (Bankr. D.D.C. 1994), another case cited by the Plaintiff. In that matter, American Export Group International Services (AEGIS) filed a Chapter 11 Petition on April 30, 1987. *Klein* at 312. A creditor, Zueblin, subsequently filed a Proof of Claim for approximately six million dollars. *Id.* As a result of post-bankruptcy payments, AEGIS filed a Complaint against Zueblin for violation of the automatic stay. *Id.* Zueblin filed a Motion to Dismiss for lack of personal jurisdiction. *Id.* at 312-313. Again explaining that a Proof of Claim is a procedure analogous to a Complaint, the Court ruled "a party who chooses to file a Proof of Claim has submitted to personal jurisdiction in the Bankruptcy Court . . ." *Id.* at 314.

Finally, in *In Re: Simmons*, 765 F. 2d 547 (5th Cir. 1985), the Court again explained a Proof of Claim can be compared to a Complaint, but it was in the context of explaining to the litigants why the failure to object to a reorganization plan was not the same thing as an objection to a Proof of Claim. *In Re: Simmons*, 765 F. 2d 547, 552-553. The parties were feuding over whether a lien survived the confirmation of the debtor's plan. In summation, the Court explained:

> . . . neither the trustee nor Simmons [the debtor] filed an objection to Savell's [the lienholder's] Proof of Secured Claim before confirmation. Simmons' Chapter 13 Plan, which listed Savell's claim as unsecured but disputed, cannot be deemed to constitute such an objection. The purpose of filing an objection

is to join issue in a contested matter, thereby placing the parties on notice that litigation is required to resolve an actual dispute between the parties. [citation omitted]. An objection to a Proof of Claim filed in accordance with Rules 3007, 9004, 9014, clearly places in issue the allowance or disallowance of the claim as filed. The parties are put on notice that the objection will have to be resolved before a final determination is made as to the allowance or disallowance of the claim. In contrast, the filing of a Chapter 13 Plan does not initiate a contested matter.

*Id. at 552.* Once more, the Court explains that the Proof of Claim can be conceptualized as a Complaint to which the debtor (or trustee) must file a response, if the claim is to be contested. It is a <u>procedure</u> through which claims are resolved in regards to the bankrupt estate. It is not a <u>separate</u> lawsuit initiated against the debtor in an unlawful or disallowed manner.

While Plaintiff is correct that bankruptcy courts, and United States District Courts, compare a Complaint to a Proof of Claim within the bankruptcy proceeding itself, Plaintiff is incorrect in assuming they are the same thing. When a party filed a Proof of Claim yet simultaneously denied the Court had personal jurisdiction over it, the Court explained that the act of filing a Proof of Claim was similar to submitting to jurisdiction, just as if the party had filed a Complaint. When a party appealed the denial of a Proof of Claim, the Court explained that the appeal originated from the Proof of Claim itself, which is like an appeal from a Complaint.

However, the Proof of Claim exists uniquely within the claims process and is not a lawsuit or an action against a debtor. To the contrary, it is a legally condoned way to provide notice of an unsecured claim. The notice can be contested. This is how the Bankruptcy Code wants claims resolved. The process itself is not illegal, fraudulent, or an abusive tactic prohibited by the Fair Debt Collection Practices Act. Plaintiff's arguments to the contrary ignore this reality.[5]

## III. There is no Conflict Between the FDCPA and the Bankrupty Court Claims Process

Plaintiff has set up a false premise for his final argument on appeal. Plaintiff contends the bankruptcy court and the United States District Court found the claims process to preempt, repeal, or supplant the FDCPA. He thinks that is why he lost. By showing the compatibility of the two statutes, Plaintiff hopes to reveal the incorrect reasoning of the lower courts. Plaintiff does not understand why he lost at the lower court level. Neither court found the FDCPA to be "preempted" or repealed by implication. The Court simply found that a Proof of Claim is a collection tactic not governed by the FDCPA, and, if it were, that it would not be false, deceptive, or abusive. Accordingly, showing that the FDCPA and the

---

[5] The Plaintiff cites *Gardner v. State of N.J.*, 329 U.S. 565 (1947) for the proposition that a Proof of Claim is a "traditional method of collecting a debt." *Gardner*, 329 U.S. at 573. This does little, if anything, to further Plaintiff's case. The FDCPA does not outlaw debt collection. Just because it is an effort to collect a debt does not mean the FDCPA applies. Even if the FDCPA does apply, it does not mean that the collection effort violates the FDCPA. There is still room legally to collect debt under the law.

Bankruptcy Code can co-exist does nothing to address the legal or factual basis of the issue on appeal.

This becomes clear when the *Randolph* case is examined in closer detail. In *Randolph v. IMBS, Inc.*, 368 F. 3d 726 (7th Cir. 2004), the bankrupt debtor listed her dentist as a creditor. *Randolph* at 728. The dentist/creditor filed a Proof of Claim. *Id.* Two years after the debtor's plan was confirmed, the dentist's old accounts were transferred to a collection agency for collection. *Id.* The collection agency contacted the debtor directly by mail seeking payment on the old accounts. *Id.* The debtor then brought suit against the collection agency for FDCPA violations, specifically that the agency falsely represented to the debtor that she was required to pay the bill immediately. *Id.*

The Court found the debt collector's conduct could violate both the automatic stay and the FDCPA. *Id.* at 732-733. What does the *Randolph* case have to do with the issue on appeal? Virtually nothing. *Randolph* did not concern the bankruptcy claims process. The Defendant in *Randolph* was acting outside the claims process. In that instance, a collector may run afoul of both the FDPA and automatic stay. But a Proof of Claim is within the claims process.

This important distinction was explained by the United States District Court for the Middle District of Louisiana in *B-Real, LLC v. Rogers*, 405 B.R. 428 (2009) *supra*. The Court directly addressed the application of *Randolph* to a Proof of

Claim. The issue was never preemption; the issue was simply whether a Proof of

Claim is abusive or deceptive under the Fair Debt Collection Practices Act.

> The *Randolph* Court correctly stated a general principle of law –
> that 'overlapping and not entirely congruent remedial systems
> can coexist' and allowed two causes of action that did not
> irreconcilably conflict to go forward. In this case, however, the
> question is not whether the FDCPA and the Bankruptcy Code
> can coexist in a vacuum; rather, the question is whether filing a
> Proof of Claim on a prescribed debt (an action permitted by the
> Bankruptcy Code) can potentially constitute a violation of the
> FDCPA. **This Court finds it cannot.**

*B-Real, LLC* at 431-432 (emphasis added). The rationale of the Court is explained

in detail in the first section of this brief. Understanding that the FDCPA does not

apply to all debt collection conduct is not the same thing as finding the FDCPA has

been repealed.

Plaintiff attempts to confuse this issue in Section II, C of his Appellant Brief.

Plaintiff <u>asks</u> whether the underlying courts correctly ruled against him based on

the determination that "the Bankruptcy Code provides the only remedy for the

filing of unfair, unconscionable, false or deceptive <u>Proofs of Claim</u> (Brief of

Appellant, p. 29 of 37). In the next paragraph, however, the Plaintiff <u>answers</u> a

completely different question: Whether the Bankruptcy Code provides the sole

remedy to debtors when debt collectors engage in collection activity that violates

the FDCPA but also relates to the bankruptcy case. *Id.* The Plaintiff has changed

the question from the FDCPA's application to the claims process and expanded it to any collection activity in general.

It is only by doing so that the Plaintiff is able to provide a string cite of cases beginning on page 32 of 37 to support his argument that both statutes apply equally. Every single case cited by the Plaintiff concerns collection activities outside the claims process. Not a single case cited by the Plaintiff criticizes a debt collector for filing a Proof of Claim. The Bankruptcy Code does not limit the relief under the FDCPA *but there still must have been a violation of the FDCPA* before it applies. Collecting a debt discharged in bankruptcy is not the same thing as filing a Proof of Claim within the bankruptcy proceeding itself. Seeking illegal fees from the debtor outside of bankruptcy is not the same thing as filing a Proof of Claim. Telling a debtor he still owes a discharged debt is not the same thing as filing a Proof of Claim. The cases Plaintiff cites are not wrong. They are just not relevant.

## CONCLUSION

The Defendant, LVNV, did nothing in this case other than file a Proof of Claim in accordance with the Bankruptcy Code. The claim was filed with the Court and presented to the trustee, not the debtor. There is no contest that the Plaintiff incurred the debt. There is no contest that the statute of limitations expired before the Proof of Claim was filed. There is also no contest that the

expiration of the statute of limitation does not extinguish the debt itself. The money was still borrowed, and the money is still owed. The Proof of Claim is allowed – if not encouraged – by law and was neither false, abusive, nor directed to the debtor. Specifically permitted by the Bankruptcy Code, filing a true Proof of Claim with the Court cannot simultaneously violate the FDCPA. No court has yet to rule otherwise.

Just because a Proof of Claim is not subject to the FDCPA does not mean the FDCPA has been repealed. Not every collection action is subject to the FDCPA nor is every collection action a violation of the FDCPA. A Proof of Claim can be thought of as a Complaint in order to understand bankruptcy procedure, but it is not anything more than that: A legal request to participate in the distribution of the estate's assets. The Plaintiff has not lost up to this stage because the lower courts found the Bankruptcy Code implicitly repealed the FDCPA. Efforts to show the harmonious interaction between these statutes are unnecessary and ultimately irrelevant. Truthful claims to the Court do not fall under the parameters of the FDCPA. The Defendant respectfully submits the rulings of the Bankruptcy Court for the Middle District of Alabama and the United States District Court for the Middle District of Alabama should be affirmed.

Respectfully Submitted,


Neal D. Moore
Sarah E. Orr
*COUNSEL FOR APPELLEES*
*LVNV FUNDING, LLC AND RESURGENT*
*CAPITAL SERVICES, LP*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is within the page limitations as set forth in

Rule 32(a)(7), Fed.R.App.P.



Respectfully Submitted,


Neal D. Moore
Sarah E. Orr
*COUNSEL FOR APPELLEES*


OF COUNSEL:
Ferguson, Frost & Dodson, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
Telephone: (205) 879-8722
Facsimile:   (205) 879-8831
Email: ndm@ffdlaw.com
Email: seo@ffdlaw.com

## CERTIFICATE OF SERVICE

This is to certify that on this the 1st day of August, 2013, a copy of the foregoing document has been served upon counsel for all parties to this proceeding via electronic filing:

Nicholas H. Wooten
Wooten, Hood & Lay
PO Box 3389
Auburn, AL 36813
*Counsel for Plaintiff*

_____<br>OF COUNSEL