NO. 13-12389-E

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

STANLEY L. CRAWFORD,
PLAINTIFF-APPELLANT,
v.
LVNV FUNDING, LLC, et al,
DEFENDANTS-APPELLEES.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Case No. 2:12-cv-00701-WKW
The Honorable William K. Watkins
United States District Court Judge

_____

## REBUTTAL BRIEF OF PLAINTIFF-APPELLANT
_____

Nick Wooten
NICK WOOTEN, LLC
Attorney at Law
Post Office Box 3389
Auburn, Alabama 36831
Telephone: (334) 887-3000
Telefax: (334) 821-7720

**Attorney for Appellant Stanley Crawford**

# CERTIFICATE OF INTERESTED PERSONS

Appellant, in accordance with Federal Rule of Appellate Procedure 26.1 hereby certifies that, to his knowledge, the following persons have an interest in the outcome of this appeal:

**Honorable Dwight Williams,** United States Bankruptcy Judge, Trial Judge

**Honorable W. Keith Watkins,** United States District Court Judge for the Middle District of Alabama

**Stanley L. Crawford,** Plaintiff-Appellant

**Nicholas H. Wooten,** Attorney for Plaintiff-Appellant in Adversary Proceeding

**Neal D. Moore,** Attorney for all defendants

**LVNV Funding, LLC**, Defendant-Appellee represented by Neal D. Moore

**Resurgent Capital Services, L.P.,** Defendant-Appellee represented by Neal D. Moore

**PRA Receivables Management, LLC**, Defendant-Appellee represented by Neal D. Moore

**Curtis C. Reding,** Chapter 13 Trustee

## **STATEMENT REGARDING ORAL ARGUMENT**

Stanley Crawford believes that oral argument may assist the Court in understanding the issues presented and resolving the questions before the Court.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ...................................................... i

STATEMENT REGARDING ORAL ARGUMENT ................................................ ii

TABLE OF CONTENTS ................................................................................ iii

TABLE OF CITATIONS ................................................................................ iv

ARGUMENT IN REBUTTAL .......................................................................... 1

CONCLUSION ............................................................................................ 5

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) ....................................... 6

CERTIFICATE OF SERVICE .......................................................................... 6

# **TABLE OF CITATIONS**

## **Cases**

*Fed. Sav. and Loan Ins. Corp. v. Haralson*,

   813 F.2d 370, 373 n.3 (11th Cir. 1987) ............................................................. 5

*Gardner v. State of N.J.*, 329 U.S. 565, 573 (1947) ....................................................... 1

*In re Andrews*, 394 B.R. 384, 389 (Bankr. E.D.N.C. 2008) ....................................... 3

*In re Hess*, 404 B.R. 747, 751 (Bankr. S.D.N.Y. 2009) .............................................. 3

*Jenkins v. Genesis Fin. Solutions, LLC (In re Jenkins)*, 456 B.R. 236,

   241 (Bankr. E.D.N.C. 2011) ............................................................................. 4

*Keri v. Board of Trustees of Purdue University*,

   458 F.3d 620, 643, n.7 (7th Cir. 2006) ............................................................. 5

*Whitney v. Dresser*, 200 U.S. 532 (U.S. 1906) ............................................................ 2

## **Rules**

Federal Rules of Bankruptcy Procedure, Rule 3001(f) ............................................. 2

## **Statutes**

11 U.S.C.S. § 502 ............................................................................................... 2, 3

11 U.S.C.S. § 1325(b) ............................................................................................ 4

ARGUMENT IN REBUTTAL

The filing of a proof of claim on a time-barred debt violates the FDCPA because 1) the filing of a proof of claim is a method of collecting a debt analogous to filing a civil action against the debtor; 2) debt collectors violate the FDCPA when they file a civil action against a debtor based on a time-barred debt; and therefore, 3) the filing of a proof of claim on a time-barred debt is also prohibited by the FDCPA.

LVNV has conceded point two in that if it had filed suit on this time-barred debt in state court it would have violated the FDCPA. LVNV Brief at 14 ("Crawford correctly notes that a lawsuit filed on an out-of-statute debt would be prohibited by the FDCPA."). That is, the filing of a complaint on a time-barred debt is abusive, unfair, and deceptive. Nevertheless, LVNV seeks to use the Bankruptcy Code as a shield to protect its improper conduct of attempting to collect a time-barred debt through the bankruptcy process.

LVNV concedes that a "proof of claim is procedurally analogous to a complaint," LVNV Brief at 3, but then argues without citation that "[f]iling of a proof of claim is not the type of 'collection activity' the FDCPA is supposed to control." LVNV Brief at 5. The Supreme Court has stated that when a creditor files a proof of claim in bankruptcy court, "it is using a traditional method of collecting a debt." *Gardner v. State of N.J.*, 329 U.S. 565, 573 (1947). LVNV has

cited no authority contradicting the Supreme Court on point.  Further, LVNV has not cited to any authority suggesting that Congress intended to carve out an exception to the FDCPA when a debt collector uses the bankruptcy process to collect their debt as opposed to the state law process to collect their debt.  Whether in state court, federal court, or bankruptcy court, the use of the judicial process in an unfair, deceptive or harassing manner is a violation of the FDCPA.  For example, in state court consumers may assert the statute of limitations as a defense to a complaint filed to collect a debt.  Nevertheless, courts have repeatedly held, and LVNV has conceded that filing a complaint on a time-barred debt, notwithstanding the availability of a defense still violates the FDCPA.  Similarly, even though a claim based on a time-barred debt may be disallowed under the Bankruptcy Code, see 11 U.S.C. § 502(b)(1), that does not shield the debt collector (bankruptcy creditor) from FDCPA liability.

Contrary to LVNV's argument, because the claims process in bankruptcy proceeds in a more summary fashion debtors need more protection from debt collector abuse than in the state court.  Unlike in state court, "a sworn proof of claim against the bankrupt is prima facie evidence of its allegations in case it is objected to."  *Whitney v. Dresser*, 200 U.S. 532 (1906); Fed. R. Bankr. P. 3001(f) (setting forth the prima face standard for proofs of claim).  By contrast, had LVNV filed a complaint in state court, it would carry no evidentiary weight with respect to

2

the debtor's liability. As a result of this prima facie standard, debt collectors operating in bankruptcy courts, such as LVNV, enjoy an enhanced starting position in the race to collect the debt in bankruptcy court. If a claim is not objected to it is deemed allowed. 11 U.S.C. § 502(a). The debtor is not "fully protected by the bankruptcy claims process" as LVNV suggests. Instead, like with time-barred claims filed in state court, Debtors must take affirmative action and overcome the presumption that the claim is valid in order to have the claim disallowed. The process is burdensome and expensive for debtors. As stated by the court in *In re Hess,* 404 B.R. 747, 751 (Bankr. S.D.N.Y. 2009):

> In most circumstances it would be enough for the Court to stop with its ruling sustaining the objections and expunging the claims. But these claims and objections highlight a larger problem for this and other bankruptcy courts across the country. Two of the three claims at issue here were filed by LVNV, one of numerous bulk-claims purchasers that regularly file stale claims in bankruptcy courts. As stated in *In re Andrews*, 394 B.R. at 387, "[t]he phenomena of bulk debt purchasing has proliferated and the uncontrolled practice of filing claims with minimal or no review is a new development that presents a challenge for the bankruptcy system….."
>
> As pointed out in *Andrews*: Allowing claims based on unchallenged proofs of claim is efficient and economical in most cases. However, requiring debtors to file objections and to raise affirmative defenses to large numbers of stale claims filed by assignees based on a business model rather than after careful review and evaluation is both burdensome and expensive…..

3

Similarly, in *Jenkins v. Genesis Fin. Solutions, LLC (In re Jenkins)*, 456 B.R. 236, 241 (Bankr. E.D.N.C. 2011), the court stated that:

> The court is sympathetic to debtors who, when careless debt buyers or collection agencies file claims that are stale, inadequately reviewed, or otherwise flawed, find themselves in the position of having to take the avoidable step of objecting to a claim that should not have been filed in the first place. The issue is a real one, the problem is widespread, and it burdens both debtors and the courts.

Lastly, LVNV's argument that it is not attempting to collect the debt from the debtor is simply a red herring that fails to recognize that payments made through a chapter 13 plan are paid by the debtor through future earnings in the vast majority of cases. In this case, if the Debtor had failed to object to LVNV's claim, Debtor would have had to pay that claim as set forth in his confirmed plan out of his future earnings. *See, e.g.*, 11 U.S.C. § 1325(b) (disposable income test requiring debtors to pay their projected disposable income for the benefit of unsecured creditors).

FDCPA liability does not attach due to the filing of a proof a claim by a debt collector. FDCPA liability attaches because the filing of a proof of claim on a time-barred debt is just as abusive, unfair and deceptive as the filing of a lawsuit based on a time-barred claim.

4

    LVNV does not address Debtors final argument regarding the intersection between the FDCPA and the Bankruptcy Code other than to acknowledge that the Bankruptcy Code does not impliedly repeal the FDCPA.  LVNV Brief at 14 ("This does not mean the code somehow repeals the FDCPA, or vice versa."); *see Fed. Sav. and Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 n.3 (11th Cir. 1987) (a party abandons any issue that it has not clearly delineated in its initial appellate brief.); *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 643 n.7 (7th Cir. 2006) (Generally, a party's failure to respond to an opposing party's argument implies concession.).

## CONCLUSION

For the reasons stated above and in Debtor's initial Brief the lower court's decisions should be reversed.

                    Respectfully submitted,

                    */s/Nick Wooten*
                    Nick Wooten
                    Nick Wooten - Bar No. WOO084
                    Nick Wooten, LLC
                    P.O. Box 3389
                    Auburn, AL 36831
                    Tel. (334) 887-3000
                    Fax (334) 821-7720
                    Email:   nick@nickwooten.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I hereby certify that this brief contains 1672 words in compliance with Fed.R.App.P. 32(a)(7).

                                              */s/ Nick Wooten*_____
                                              Of Counsel
                                              Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on the following parties in interest either by first class U.S. Mail, postage prepaid, or via electronically on this the 15th day of August 2013.

Neal W. Moore
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, AL 35243
Attorney for Defendants/Appellees

                                              */s/ Nick Wooten*_____
                                              Of Counsel